Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
BLANCA BENAVIDEZ, MARIA BENAVIDEZ, JOSE
BENAVIDEZ, JONATHAN BENAVIDEZ, and MARITZA
NUNEZ, individually and on behalf of all others similarly
situated,

          Plaintiff,

 -against-

BURGER BROTHERS RESTAURANT GROUP d/b/a
BURGER KING, and JOHN FROCCARO and JEFF
FROCCARO, as individuals,

          Defendants.
------------------------------------------------------------------X

HURLEY, J.

TOMLINSON, M.J.

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

CV 17- 00200

Plaintiffs, **BLANCA BENAVIDEZ, MARIA BENAVIDEZ, JOSE BENAVIDEZ, JONATHAN BENAVIDEZ, and MARITZA NUNEZ, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, **BLANCA BENAVIDEZ, MARIA BENAVIDEZ, JOSE BENAVIDEZ, JONATHAN BENAVIDEZ, and MARITZA NUNEZ, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **BURGER BROTHERS RESTAURANT GROUP d/b/a BURGER KING, and JOHN FROCCARO and JEFF FROCCARO, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of federal and state overtime laws and unpaid wages arising out of Plaintiffs' employment by Defendants

1

at various BURGER KING locations, including: 32 Montauk Highway, Blue Point, New York 11715; 505 Route 111, Hauppauge, New York 11788; 281 Middle Country Road, Coram, New York 11727; 176 East Jericho Turnpike, Huntington, New York 11743; 96 Route 110, Farmingdale, New York 11735; 254 Portion Road, Lake Ronkonkoma, New York 11779; 5141 Sunrise Highway, Bohemia, New York 11716 and 121 West Suffolk Avenue, Central Islip, New York 11722.

2. Plaintiff **BLANCA BENAVIDEZ** was employed from in or around 2000 until in or around August 2016 by Defendants as a cashier, kitchen employee, food preparer and coordinator at the following **BURGER KING** locations: 32 Montauk Highway, Blue Point, New York 11715; 505 Route 111, Hauppauge, New York 11788; 281 Middle Country Road, Coram, New York 11727; 176 East Jericho Turnpike, Huntington, New York 11743; 96 Route 110, Farmingdale, New York 11735; 254 Portion Road, Lake Ronkonkoma, New York 11779 and 5141 Sunrise Highway, Bohemia, New York 11716.

3. Plaintiff **MARIA BENAVIDEZ** was employed from in or around April 2013 to the present by Defendants as a cashier, kitchen employee, and food preparer at the following **BURGER KING** locations: 505 Route 111, Hauppauge, New York 11788; 5141 Sunrise Highway, Bohemia, New York 11716 and 121 West Suffolk Avenue, Central Islip, New York 11722.

4. Plaintiff **JOSE BENAVIDEZ** was employed from in or around June 2014 until in or around January 2016 by Defendants as a cashier, kitchen employee, and food preparer at the following **BURGER KING** location: 5141 Sunrise Highway, Bohemia, New York 11716.

5. Plaintiff **JONATHAN BENAVIDEZ** was employed from in or around April 2016 until in or around August 2016 by Defendants as a cashier, kitchen employee, and food preparer at the following **BURGER KING** location: 5141 Sunrise Highway, Bohemia, New York 11716.

6. Plaintiff **MARITZA NUNEZ** was employed from in or around 2001 until in or around October 2016 by Defendants as a cashier, kitchen employee, and food preparer at the following **BURGER KING** location: 5141 Sunrise Highway, Bohemia, New York 11716.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
8. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
9. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

11. Plaintiff, **BLANCA BENAVIDEZ**, residing at 10 East Locust Street, Central Islip, New York, 11722, was employed by Defendants from in or around 2000 until in or around August 2016.
12. Plaintiff, **MARIA BENAVIDEZ**, residing at 10 East Locust Street, Central Islip, New York, 11722, was employed by Defendants from in or around April 2013 to the present.
13. Plaintiff, **JOSE BENAVIDEZ**, residing at 10 East Locust Street, Central Islip, New York, 11722, was employed by Defendants from in or around June 2014 until in or around January 2016.
14. Plaintiff, **JONATHAN BENAVIDEZ**, residing at 10 East Locust Street, Central Islip, New York, 11722, was employed by Defendants from in or around April 2016 until in or around August 2016.
15. Plaintiff, **MARITZA NUNEZ**, residing at 775 Broadway, Brentwood, New York 11717, was employed by Defendants from in or around 2001 until in or around October 2016.
16. Upon information and belief, Defendant, BURGER BROTHERS RESTAURANT GROUP is a corporation organized under the laws of New York with a principal executive office at One Shore Road, Glenwood Landing, New York 11547.

3

17. Upon information and belief, Defendant, BURGER BROTHERS RESTAURANT GROUP, is a corporation authorized to do business under the laws of New York.
18. Upon information and belief, Defendant JOHN FROCCARO owns and/or operates BURGER BROTHERS RESTAURANT GROUP.
19. Upon information and belief, Defendant JOHN FROCCARO manages BURGER BROTHERS RESTAURANT GROUP.
20. Upon information and belief, Defendant JOHN FROCCARO is the Chairman of the Board of BURGER BROTHERS RESTAURANT GROUP.
21. Upon information and belief, Defendant JOHN FROCCARO is the Chief Executive Officer of BURGER BROTHERS RESTAURANT GROUP.
22. Upon information and belief, Defendant JOHN FROCCARO is an agent of BURGER BROTHERS RESTAURANT GROUP.
23. Upon information and belief, Defendant JOHN FROCCARO has power over personnel decisions at BURGER BROTHERS RESTAURANT GROUP.
24. Upon information and belief, Defendant JOHN FROCCARO has power over payroll decisions at BURGER BROTHERS RESTAURANT GROUP.
25. Defendant JOHN FROCCARO has the power to hire and fire employees at BURGER BROTHERS RESTAURANT GROUP, establish and pay their wages, set their work schedule, and maintains their employment records.
26. During all relevant times herein, Defendant JOHN FROCCARO was Plaintiffs' employer within the meaning of the FLSA and NYLL.
27. Upon information and belief, Defendant JEFF FROCCARO owns and/or operates BURGER BROTHERS RESTAURANT GROUP.
28. Upon information and belief, Defendant JEFF FROCCARO manages BURGER BROTHERS RESTAURANT GROUP.
29. Upon information and belief, Defendant JEFF FROCCARO is the Chairman of the Board of BURGER BROTHERS RESTAURANT GROUP.
30. Upon information and belief, Defendant JEFF FROCCARO is the Chief Executive Officer of BURGER BROTHERS RESTAURANT GROUP.
31. Upon information and belief, Defendant JEFF FROCCARO is an agent of BURGER BROTHERS RESTAURANT GROUP.

32. Upon information and belief, Defendant JEFF FROCCARO has power over personnel decisions at BURGER BROTHERS RESTAURANT GROUP.
33. Upon information and belief, Defendant JEFF FROCCARO has power over payroll decisions at BURGER BROTHERS RESTAURANT GROUP.
34. Defendant JEFF FROCCARO has the power to hire and fire employees at BURGER BROTHERS RESTAURANT GROUP, establish and pay their wages, set their work schedule, and maintains their employment records.
35. During all relevant times herein, Defendant JEFF FROCCARO was Plaintiffs' employer within the meaning of the FLSA and NYLL.
36. On information and belief, BURGER BROTHERS RESTAURANT GROUP is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

37. Plaintiff **BLANCA BENAVIDEZ** was employed by Defendants from in or around 2000 until on or around August 2016.
38. Upon information and belief, Plaintiff **BLANCA BENAVIDEZ** worked approximately 55 (fifty-five) hours or more per week and approximately 66 (sixty-six) hours or more per week every other week from in or around 2000 until in or around August 2016.
39. Upon information and belief, Plaintiff **BLANCA BENAVIDEZ** was paid approximately $675.00 by check per week by Defendants.
40. Although Plaintiff **BLANCA BENAVIDEZ** worked approximately 55 (fifty-five) hours or more per week and approximately 66 (sixty-six) hours or more per week every other week during the period of her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

5

41. Plaintiff **MARIA BENAVIDEZ** was employed by Defendants from in or around April 2013 to the present.
42. Upon information and belief, Plaintiff **MARIA BENAVIDEZ** worked approximately 50 (fifty) hours or more per week from in or around April 2013 to the present.
43. Upon information and belief, Plaintiff **MARIA BENAVIDEZ** was paid by Defendants approximately $8.75 per hour from in or around April 2013 until in or around December 2014 and approximately $9.75 per hour from in or around January 2015 to the present.
44. Although Plaintiff **MARIA BENAVIDEZ** worked approximately 50 (fifty) hours or more per week during the period of her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
45. Plaintiff **JOSE BENAVIDEZ** was employed by Defendants from in or around June 2014 until in or around January 2016.
46. Upon information and belief, Plaintiff **JOSE BENAVIDEZ** worked approximately 50 (fifty) hours or more per week from in or around June 2015 until in or around January 2016.
47. Upon information and belief, Plaintiff **JOSE BENAVIDEZ** was paid by Defendants approximately $9.00 per hour from in or around June 2014 until in or around May 2015 and approximately $9.75 per hour from in or around June 2015 until in or around January 2016.
48. Upon information and belief, Plaintiff **JOSE BENAVIDEZ** was required to punch out two hours prior to his shift ending and continue working from in or around June 2014 until in or around May 2015.
49. Upon information and belief, Plaintiff **JOSE BENAVIDEZ** was required to punch out for a 30 (thirty) minute break each shift but would be required to work during that period of time without compensation.
50. Although Plaintiff **JOSE BENAVIDEZ** worked approximately 50 (fifty) hours or more per week from in or around June 2015 until in or around January 2016 by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked

over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

51. Plaintiff **JONATHAN BENAVIDEZ** was employed by Defendants from in or around April 2016 until in or around August 2016.

52. Upon information and belief, Plaintiff **JONATHAN BENAVIDEZ** worked approximately 30 (thirty) hours or more per week from in or around April 2016 until in or around August 2016.

53. Upon information and belief, Plaintiff **JONATHAN BENAVIDEZ** was paid by Defendants approximately $9.75 per hour from in or around April 2016 until in or around August 2016.

54. Upon information and belief, Plaintiff **JONATHAN BENAVIDEZ** was required to punch out two hours prior to his shift ending and continue working from in or around April 2016 until in or around August 2016.

55. Upon information and belief, Plaintiff **JONATHAN BENAVIDEZ** was required to punch out for a 30 (thirty) minute break each shift but would be required to work during that period of time without compensation.

56. Plaintiff **MARITZA NUNEZ** was employed by Defendants from on or around 2001 until in or around October 2016.

57. Upon information and belief, Plaintiff **MARITZA NUNEZ** worked approximately 50 (fifty) hours or more per week and approximately 60 (sixty) hours or more per week every other week from in or around 2001 until in or around October 2016.

58. Upon information and belief, Plaintiff **MARITZA NUNEZ** was paid by Defendants approximately $8.25 per hour from in or around 2011 to in or around 2012, approximately $9.25 per hour from in or around 2013, and approximately $10.00 per hour from in or around 2014 until in or around October 2016.

59. Although Plaintiff **MARITZA NUNEZ** worked approximately 50 (fifty) hours or more per week and approximately 60 (sixty) hours or more per week every other week during the period of her employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

7

60. Plaintiff **MARITZA NUNEZ** is also owed his last three (3) weeks of pay for which Defendants never compensated Plaintiff.
61. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
62. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
63. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
65. Collective Class: All persons who are or have been employed by the Defendants as cashiers, kitchen employees, food preparers, coordinators or other similarly titled personnel with substantially similar job requirements and pay provisions, who were or are performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.
66. The collective class includes all similarly situated employees from the locations at which Plaintiffs worked, including the following BURGER KING locations: 32 Montauk Highway, Blue Point, New York 11715; 505 Route 111, Hauppauge, New York 11788; 281 Middle Country Road, Coram, New York 11727; 176 East Jericho Turnpike, Huntington, New York 11743; 96 Route 110, Farmingdale, New York 11735; 254 Portion Road, Lake Ronkonkoma, New York 11779; 5141 Sunrise Highway, Bohemia, New York 11716 and 121 West Suffolk Avenue, Central Islip, New York 11722.

67. Upon information and belief, Defendants employed over 75 (seventy-five) employees at any given point within the past three years subjected to similar payment structures at the above locations.
68. Defendants' unlawful conduct has been widespread, repeated, and consistent.
69. Upon information and belief, Defendants had knowledge that their conduct was in violation of the FLSA and NYLL.
70. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
71. Defendants are liable under the FLSA and NYLL for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime wage compensation in violation of the FLSA and NYLL who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
72. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
73. The claims of Plaintiffs are typical of the claims of the putative class.
74. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
75. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

76. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
77. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

78. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

79. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

80. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

81. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of Plaintiffs.

82. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

83. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

84. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

85. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

86. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

87. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
88. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
89. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
90. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).
91. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.
92. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
94. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.
95. Defendants failed to pay Plaintiff wages for hours worked in violation of New York Labor Law Article 6.

96. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

97. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
98. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
99. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
101. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
102. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs unpaid wages for hours which Defendants did not compensate Plaintiffs;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 3rd day of January 2017.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BLANCA BENAVIDEZ, MARIA BENAVIDEZ, JOSE BENAVIDEZ, JONATHAN BENAVIDEZ, and MARITZA NUNEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

BURGER BROTHERS RESTAURANT GROUP d/b/a BURGER KING and JOHN FROCCARO and JEFF FROCCARO, as individuals,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**BURGER BROTHERS RESTAURANT GROUP
SOUNDVIEW MARKETPLACE
SUITE 22I
PORT WASHINGTON, NEW YORK 11050**

**JOHN FROCCARO
SOUNDVIEW MARKETPLACE
SUITE 22I
PORT WASHINGTON, NEW YORK 11050**

**JEFF FROCCARO
SOUNDVIEW MARKETPLACE
SUITE 22I
PORT WASHINGTON, NEW YORK 11050**