UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
BLANCA BENAVIDEZ, MARIA BENAVIDEZ,
JOSE BENAVIDEZ, JONATHAN BENAVIDEZ,
and MARITA NUNEZ, individually and on behalf
of themselves and all others similarly situated,

                                        Plaintiffs,

                -against-                       **AMENDED ANSWER**

                                       17 CV 200 (DJH) (AKT)

BURGER BROTHERS RESTAURANT GROUP, INC.,
d/b/a BURGER KING, and JOHN FROCCARO
and JEFF FROCCARO, as individuals,

                                        Defendants.
------------------------------------------------------------x

      Defendants BURGER BROTHERS RESTAURANT GROUP, INC., and JOHN FROCCARO and JEFF FROCCARO (collectively, the "Defendants"), by their attorney, James R. Froccaro, Jr., as and for their Answer to the Complaint allege as follows:

PRELIMINARY STATEMENT

      1.  Deny the allegations contained within paragraph 1 of the Complaint.

      2.  Deny the allegations contained within paragraph 2 of the Complaint, except admit that since in around 2002, Blanca Benavidez was at various times an hourly employee and an assistant manager at the Burger King locations listed, except 176 East Jericho Turnpike, Huntington, New York.

1

3. Deny the allegations contained within paragraph 3 of the Complaint, except admit that Maria Benavidez has been an hourly employee from in or around April 2013 to the present in the Burger Kings locations listed.

4. Deny the allegations contained within paragraph 4 of the Complaint, except admit that Jose Benavidez was an hourly employee at the Burger King located at 5141 Sunrise Highway, Bohemia, New York, from in or around June 2014 to August 2016.

5. Deny the allegations contained within paragraph 5 of the Complaint, except admit that an individual known as "Yonathan Benavidez" was an hourly employee at the Burger King located at 5141 Sunrise Highway, Bohemia, New York, from in or around April 2016 to August 2016.

6. Deny the allegations contained within paragraph 6 of the Complaint, except admit that from in or around September of 2012 to October 2016, Maritza Nunez was an hourly employee at the Burger King located at 5141 Sunrise Highway, Bohemia, New York.

## JURISDICTION AND VENUE

7. Deny the allegations contained within paragraph 7 of the Complaint, and respectfully refer all questions of law to the Court.

8. Deny the allegations contained within paragraph 8 of the Complaint, and respectfully refer all questions of law to the Court.

9. Deny the allegations contained within paragraph 9 of the Complaint, and respectfully refer all questions of law to the Court.

10. Deny the allegations contained within paragraph 10 of the Complaint, and respectfully refer all questions of law to the Court.

## THE PARTIES

11. Admit the allegations contained within paragraph 11 of the Complaint, except deny that Blanca Benavidez has been employed by Defendants since in or around 2000.

12. Admit the allegations contained within paragraph 12 of the Complaint.

13. Admit the allegations contained within paragraph 13 of the Complaint.

14. Admit the allegations contained within paragraph 14 of the Complaint.

15. Admits the allegations contained within paragraph 15 of the Complaint. except deny that Maritza Nunez has been employed by Defendants from in or around 2001.

16. Admit the allegations contained within paragraph 16 of the Complaint, except deny that the Burger Brothers Restaurant Group's principal office is located at One Shore Road, Glenwood Landing, New York.

17. Admit the allegations contained within paragraph 17 of the Complaint.

18. Deny the allegations contained within paragraph 18 of the Complaint.

19. Deny the allegations contained within paragraph 19 of the Complaint.

20. Deny the allegations contained within paragraph 20 of the Complaint.

21. Deny the allegations contained within paragraph 21 of the Complaint.

22. Deny the allegations contained within paragraph 22 of the Complaint, and respectfully refer all questions of law, including the definition of "agent," to the Court.

23. Deny the allegations contained within paragraph 23 of the Complaint.

24. Deny the allegations contained within paragraph 24 of the Complaint.

25. Deny the allegations contained within paragraph 25 of the Complaint.

26. Deny the allegations contained within paragraph 26 of the Complaint, and respectfully refer all questions of law to the Court.

27. Admit the allegations contained within paragraph 27 of the Complaint.

28. Admit the allegations contained within paragraph 28 of the Complaint.

29. Deny the allegations contained within paragraph 29 of the Complaint.

30. Deny the allegations contained within paragraph 30 of the Complaint.

31. Deny the allegations contained within paragraph 31 of the Complaint, and respectfully refer all questions of law, including the definition of "agent," to the Court.

32. Admit the allegations contained within paragraph 32 of the Complaint.

33. Admit the allegations contained within paragraph 33 of the Complaint.

34. Admit the allegations contained within paragraph 34 of the Complaint.

35. Deny the allegations contained within paragraph 35 of the Complaint, and respectfully refer all questions of law to the Court.

36. Deny the allegations contained within paragraph 36 of the Complaint, and respectfully refer all questions of law to the Court.

## FACTUAL ALLEGATIONS

37. Admit the allegations contained within paragraph 37 of the Complaint, except deny that Blanca Benavidez has been employed by Defendants from in or around 2000.

38. Deny the allegations contained within paragraph 38 of the Complaint.

39. Deny the allegations contained within paragraph 39 of the Complaint.

40. Deny the allegations contained within paragraph 40 of the Complaint.

41. Admit the allegations contained within paragraph 41 of the Complaint.

42. Deny the allegations contained within paragraph 42 of the Complaint.

43. Deny the allegations contained within paragraph 43 of the Complaint.

44. Deny the allegations contained within paragraph 44 of the Complaint.

45. Admit the allegations contained within paragraph 45 of the Complaint.

46. Deny the allegations contained within paragraph 46 of the Complaint.

47. Deny the allegations contained within paragraph 47 of the Complaint.

48. Deny the allegations contained within paragraph 48 of the Complaint.

49. Deny the allegations contained within paragraph 49 of the Complaint.

50. Deny the allegations contained within paragraph 50 of the Complaint.

51. Admit the allegations contained within paragraph 51 of the Complaint.

52. Deny the allegations contained within paragraph 52 of the Complaint.

53. Admit the allegations contained within paragraph 53 of the Complaint.

54. Deny the allegations contained within paragraph 54 of the Complaint.

55. Deny the allegations contained within paragraph 55 of the Complaint.

56. Deny the allegations contained within paragraph 56 of the Complaint, except admit that Maritza Nunez worked for the Defendants until in or around October 2016.

57. Deny the allegations contained within paragraph 57 of the Complaint.

58. Admit the allegations contained within paragraph 58 of the Complaint.

59. Deny the allegations contained within paragraph 59 of the Complaint.

60. Deny the allegations contained within paragraph 60 of the Complaint.

61. Deny the allegations contained within paragraph 61 of the Complaint.

62. Deny the allegations contained within paragraph 62 of the Complaint.

63. Deny the allegations contained within paragraph 63 of the Complaint.

COLLECTIVE ACTION ALLEGATIONS

64. Deny the allegations contained within paragraph 64 of the Complaint.

65. Deny the allegations contained within paragraph 65 of the Complaint.

66. Deny the allegations contained within paragraph 66 of the Complaint.

67. Deny the allegations contained within paragraph 67 of the Complaint.

68. Deny the allegations contained within paragraph 68 of the Complaint.

69. Deny the allegations contained within paragraph 69 of the Complaint.

70. Deny the allegations contained within paragraph 70 of the Complaint.

71. Deny the allegations contained within paragraph 71 of the Complaint.

72. Deny the allegations contained within paragraph 72 of the Complaint

73. Deny the allegations contained within paragraph 73 of the Complaint

74. Deny the allegations contained within paragraph 74 of the Complaint

75. Deny the allegations contained within paragraph 75 of the Complaint.

ANSWERING THE FIRST CAUSE OF ACTION

76. Incorporate by reference the answers previously provided to all proceeding paragraphs with respect to paragraph 76 of the Complaint.

77. Deny knowledge or information to form a belief as to the truth of the allegations contained within paragraph 77 of the Complaint, and respectfully refer all questions of law to the Court.

78. Deny the allegations contained within paragraph 78 of the Complaint, and respectfully refer all questions of law to the Court.

79. Deny the allegations contained within paragraph 79 of the Complaint, and respectfully refer all questions of law to the Court.

80. Deny the allegations contained within paragraph 80 of the Complaint.

81. Deny the allegations contained within paragraph 81 of the Complaint.

82. Deny the allegations contained within paragraph 82 of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

83. Incorporate by reference the answers previously provided to all proceeding paragraphs with respect to paragraph 83 of the Complaint.

84. Deny the allegations contained within paragraph 84 of the Complaint and respectfully refer all questions of law to the Court.

85. Deny the allegations contained within paragraph 85 of the Complaint.

86. Deny the allegations contained within paragraph 86 of the Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

87. Incorporate by reference the answers previously provided to all proceeding paragraphs with respect to paragraph 87 of the Complaint.

88. Deny the allegations contained within paragraph 88 of the Complaint, and respectfully refer all questions of law to the Court.

89. Deny the allegations contained within paragraph 89 of the Complaint, and respectfully refer all questions of law to the Court.

90. Deny the allegations contained within paragraph 90 of the Complaint.

91. Deny the allegations contained within paragraph 91 of the Complaint.

92. Deny the allegations contained within paragraph 92 of the Complaint.

### ANSWERING THE FOURTH CAUSE OF ACTION

93. Incorporate by reference the answers previously provided to all proceeding paragraphs with respect to paragraph 93 of the Complaint.

94. Deny the allegations contained within paragraph 94 of the Complaint, and respectfully refer all questions of law to the Court.

95. Deny the allegations contained within paragraph 95 of the Complaint.

96. Deny the allegations contained within paragraph 96 of the Complaint.

### ANSWERING THE FIFTH CAUSE OF ACTION

97. Incorporate by reference the answers previously provided to all proceeding paragraphs with respect to paragraph 97 of the Complaint.

98. Deny the allegations contained within paragraph 98 of the Complaint.

99. Deny the allegations contained within paragraph 99 of the Complaint.

### ANSWERING THE SIXTH CAUSE OF ACTION

100. Incorporate by reference the answers previously provided to all proceeding paragraphs with respect to paragraph 100 of the Complaint.

101. Deny the allegations contained within paragraph 101 of the Complaint.

102. Deny the allegations contained within paragraph 102 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

103. The Complaint fails to state a cause of action against the Defendants upon which relief may be granted.

<u>AS AND FOR A SECOND AFFIRMATIVE DEFENSE</u>

104.   The plaintiff's claims are barred, in whole, or in part by the applicable Statute of Limitations.

<u>AS AND FOR A THIRD AFFIRMATIVE DEFENSE</u>

105.   The plaintiff's claims based purely on state law are barred.

<u>AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</u>

106.   Plaintiff Blanca Benavidez's claims should be dismissed in whole, or in part, under the Executive Employee Exemption of the Fair Labor Standards Act, New York Labor Law and all applicable regulations thereunder.

WHEREFORE, the Defendants demand a trial by jury and judgment dismissing the Complaint with costs.

Dated:  Port Washington, New York
         August 8, 2019

                                           Yours, etc.,

                                                  /JRF/

                                        JAMES R. FROCCARO, JR. (JRF-5461)
                                        Attorney for Defendants
                                        20 Vanderventer Avenue, Suite 103W
                                        Port Washington, NY 11050
                                        (516) 944-5062 (phone)
                                        (516) 944-5066 (fax)
                                        JRFESQ61@aol.com (email)

To: Helen F. Dalton & Associates
    Attorneys for Plaintiffs
    69-12 Austin Street
    Forest Hills, NY 11375
    Attention: Roman Avshalumov, Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
BLANCA BENAVIDEZ, MARIA BENAVIDEZ,
JOSE BENAVIDEZ, JONATHAN BENAVIDEZ,
and MARITA NUNEZ, individually and on behalf
of themselves and all others similarly situated,

                          Plaintiffs,      17 CV 200 (DJH) (AKT)

      -against-

BURGER BROTHERS RESTAURANT GROUP, INC.,
d/b/a BURGER KING, and JOHN FROCCARO
and JEFF FROCCARO, as individuals,

                          Defendants.
---------------------------------------------------------------x

---

## AMENDED ANSWER

---

JAMES R. FROCCARO, JR.
Attorney for Defendants

Office and Post Office Address
20 Vanderventer Avenue, Suite 103W
Port Washington, New York 11050
(516) 944-5062 (phone)
(516) 944-5066 (fax)
JRFESQ61@aol.com. (email)